UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 10-1049-VBF(JEMx)**                    Dated: **November 16, 2010**

Title:    Pilarcita Sayaman, et al. -v- Baxter Healthcare Corporation, et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

          Joseph Remigio                           None Present
          Courtroom Deputy                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

          None Present                             None Present

**PROCEEDINGS (IN CHAMBERS):**          **TENTATIVE ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (DKT. #26)**

## I.   TENTATIVE RULING

The Court has received, read, and considered Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (dkt. #26), filed on October 18, 2010, and related papers. As of November 16, 2010, Defendant Baxter Healthcare Corp. has not filed an Opposition, nor have Plaintiffs filed a Reply.

The Tentative Ruling is to GRANT the Motion and preliminarily APPROVE the Settlement Agreement, which is attached as Exhibit 1 to the Declaration of Norman B. Blumenthal (dkt. #26-2). Pursuant to the moving papers, Plaintiffs have shown grounds for approval of the following requests at this time:

1.  A class exists in this case under Federal Rule of Civil Procedure 23(a) and 23(b)(3);
2.  The Settlement is within the range of possible approval as fair, adequate, and reasonable;

3. The Notice and Forms for Class Members (Exhibits A, B and C to the Settlement) comply with Rule 23(c)(2)(B);
4. Gilardi & Co. shall be appointed to act as Claims Administrator;
5. Plaintiffs Pilarcita Sayaman and Alicia Maldonado shall be appointed as the Class Representatives; and
6. Norman B. Blumenthal, Kyle Nordrehaug and Aparajit Bhowmik of Blumenthal, Nordrehaug & Bhowmik shall be appointed Class Counsel.

The hearing, set for November 22, 2010 at 1:30 p.m., remains on calendar. At the hearing, the Parties should address when to set the Final Approval Hearing.

## II. BACKGROUND

Plaintiffs Pilarcita Sayaman and Alicia Maldonado commenced this action on February 12, 2010 (dkt. #1). The First Amended Complaint was filed on June 1, 2010 (dkt. #21). Defendant Baxter Healthcare filed an Answer on July 2, 2010 (dkt. #23). As more fully set forth in the First Amended Complaint, Plaintiffs allege that Defendant misclassified Lab Technicians as exempt employees and failed to pay overtime and provide rest and meal breaks. Plaintiffs allege the following causes of action: (1) Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200, et seq.; (2) Failure to Pay Overtime Compensation in Violation of California Labor Code §§ 510, 515.5, 551, 552, 1194 and 1198, et seq.; (3) Failure to Provide Accurate Itemized Statements in Violation of California Labor Code § 226; and (4) Violation of California Labor Code § 2698, Labor Code Private Attorney General Act.

## III. LEGAL STANDARD & ANALYSIS

In reviewing a class action settlement, the Court must first assess whether a class exists under Federal Rule of Civil Procedure 23. *See Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Second, the Court must determine whether the settlement is "fair, adequate, and reasonable." The settlement is reviewed for preliminary approval and then for final approval. The question presented on a motion for preliminary approval is whether the proposed settlement is "within the range of possible approval." Manual for Complex Litigation, Second § 30.44 (1993). Preliminary approval is the prerequisite to giving notice so that the proposed settlement "may be submitted to members of the prospective Class for their acceptance or rejection." *Philadelphia Housing Authority v. American Radiatory & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970). There is an initial presumption of fairness when a proposed settlement, which was negotiated at arms' length by counsel for the

class, is presented for court approval. 2 H. Newberg & A. Conte, Newberg on Class Actions § 11.41 at 11-87 (3d ed. 1992).

As set forth herein, the papers support a finding that (A) a class exists under Federal Rule of Civil Procedure 23 and (B) the Settlement is within the range of possible approval.

**A.    Conditional Class Certification Under Rule 23**

Here, Plaintiffs seek conditional certification of the Class, defined as:

> "All individuals who, at any time between February 12, 2006, and October 15, 2010, worked for Baxter Healthcare Corporation in the position of Quality Laboratory Associate I, II, or III."

*See* Blumenthal Declaration, Ex. A to Settlement Agreement, Notice of Pendency of Class Action, Proposed Settlement, page 2. This exact wording should be clarified by the Parties at the hearing.

The Court finds that Plaintiffs have shown that a certifiable class exists. Plaintiffs have satisfied the requirements under Rule 23(a) and have shown that the class action may be maintained under Rule 23(b)(3).

**1.    Rule 23(a)**

For reasons more fully set forth in the moving papers, the Court finds that Plaintiffs have satisfied the four factors under Rule 23(a):

- **Numerosity.** This class includes approximately 249 employees - a figure that makes individual joinder of all members impracticable. *See* Blumenthal Decl. ¶ 29(a).
- **Commonality.** All members share a common legal question as to whether the Quality Laboratory Associate employees employed by Defendant are "exempt." *See* Blumenthal Decl. ¶ 29(b).
- **Typicality.** The claims of the representative Plaintiffs, Pilarcita Sayaman and Alicia Maldonado, are typical of the claims of the class. Plaintiffs were employed by Defendant and classified as "exempt." They performed the same type of work as the other Class members, and claim unpaid overtime wages for work performed in the same job classification. *See* Blumenthal Decl. ¶ 29(c).
- **Adequacy of Representation.** There is no evidence to show that Class Representatives Pilarcita Sayaman and Alicia Maldonado have any conflict of interest with the Class. They provide adequate representation of the interests of the class in that: (a) their

attorneys are competent, experienced in class litigation and
generally able to conduct the proposed litigation; and (b) the Class
Representatives do not have interests antagonistic to those of the
class. *See* Blumenthal Decl. ¶¶ 29(d), 30, Ex. 2 (Resume).

**2. Rule 23(b)(3)**

Thee Court also finds that in this action, questions of law
predominate over any questions affecting only individual members, and
that a class action is superior to other methods of adjudicating this
controversy.

As more fully set forth in the moving papers, the requirements of
Rule 23(b)(3) are met:
- **Predominance**: The adjudication of the common issued surrounding
  Defendant's alleged uniform and systematic acts could establish
  Defendant's liability on a class-wide basis. Plaintiffs contend that
  Defendant engaged in a uniform course of conduct with respect to the
  Settlement Class; the only question is whether Defendant's conduct
  supports a meritorious claim. *See* Blumenthal Decl. ¶ 29(e).
- **Superiority**: A class action is a superior method of adjudicating
  this controversy, as each class member stands to recover small
  amounts individually for these violations. *See* Fed. R. Civ. P.
  23(b)(3)(A), (C); *see also In re Workers' Comp.*, 130 F.R.D. 99, 110
  (1990).

**B. Preliminary Assessment of the Proposed Settlement**

In determining whether a proposed settlement is preliminarily fair,
the Court may consider the factors to be weighed at the final approval
hearing. These factors include: "the strength of the plaintiffs' case;
the risk, expense, complexity, and likely duration of further litigation;
the risk of maintaining class action status throughout the trial; the
amount offered in settlement; the extent of discovery completed and the
stage of the proceedings; the experience and views of counsel; the
presence of a governmental participant; and the reaction of the class
members to the proposed settlement." *Hanlon v. Chrysler Corp.,* 150 F.3d
1011, 1026 (9th Cir. 1998); *see also* Manual for Complex Litigation,
Second § 30.44.

**1. Amount of Settlement**

In this action, Defendant will pay a sum not to exceed $2,600,000
("Gross Fund Value"). *See* Blumental Decl. ¶ 3. The Gross Fund Value will
include the payments of class claims, administration costs, attorneys'

fees and costs and enhancement awards. *See id.* The "Net Fund Value" is the amount remaining of the Gross Fund Value after the Court-approved costs are subtracted from the Gross Fund Value. *See id.* ¶ 13. The Net Fund Value shall be paid entirely to the Settlement Class, except that if there is unclaimed residue it shall first be used to satisfy Defendant's obligations to pay payroll taxes on the Settlement Awards and any excess unclaimed portion of the settlement shall be allocated on a proportional basis to Class Members who make valid claims. *See id*. ¶ 14; Settlement Agreement ¶ 18.

Each Class Member who submits a timely and valid Claim Form ("Qualified Claimant") will be eligible to receive a share of the Net Fund Value according to the following formula: Each Qualified Claimant's allocation of the Net Fund Value will be determined by dividing the Net Fund Value by the total number of class workweeks and multiplying that figure by the Qualified Claimant's individual workweek total. Workweeks will be calculated by (1) counting the number of days between each class member's first day in a class position and the last day in a class position (excluding any days in between in non-class positions), (2) dividing that number by 7, and (3) rounding the result to the nearest integer. *See* Settlement Agreement at ¶ 12; Blumental Decl. ¶ 15.

Based upon their evaluation, Plaintiffs and Class Counsel have determined that the Settlement amount falls within the range of preliminary approval in light of the legal issues raised and the facts of the case. *See* Blumental Decl. ¶ 20. First, based on their damage estimate calculations, Plaintiffs believe that Defendant is subject to total claims of about $4.8 to $5 million for the entire Class Period for unpaid overtime and penalties that was susceptible to solid proof. The settlement of $2,600,000, before deductions, represents 54% to 52% of the total possible claims, assuming these amounts could be proven at trial, and represents 69% of the total overtime estimate. Blumental Decl. ¶ 6. Second, liability in this case is uncertain because some or all of the Class Members may have been exempt from certain pay requirement. And finally, Defendant denies any and all liability or wrongdoing associated with the claims in the First Amended Complaint. Defendant maintains that it has complied with the California Labor Code, that the members of the putative class are properly classified as exempt under California law and that all members of the putative class were properly paid all wages owed to them. *Id.* ¶ 10.

At the hearing the Parties should address how much time members of the Class should be given to return the Claim Form to maximize the number of Qualified Claimants.

### 2. Extent of Discovery

This Settlement was reached after the Parties engaged in significant written discovery. The Parties agreed to mediation in advance of the scheduled discovery. *See* Blumental Decl. ¶ 8. Defendant provided Plaintiffs with payroll date, employment information, policies and procedures, job descriptions and other data which Plaintiffs requested for mediation. *See id*. Plaintiffs analyzed the data with the assistance of their damages expert, Desmond, Marcello & Amster, and prepared and submitted a mediation brief. Class Counsel conducted a thorough investigation of the facts of this case, including an extensive review of relevant documents and data, contact information for and interviews of Class Members, and an investigation of the Class Members' claims against Defendant. *Id.* ¶ 12.

### 3. Result of Serious Negotiations

The Parties reached this Settlement after extensive negotiations. After initial exchanges of information, the Parties mediated on July 15, 2010 before David Rotman, a mediator of wage and hour class actions, and were ultimately able to reach a settlement at the mediation session. *See* Blumental Decl. ¶ 9.

### 4. Treatment of Class Representative, Attorneys and Claims Administrator; California Labor Code § 2699 Claim

Under the Settlement, Lead Plaintiffs will request an enhancement of $25,000. Class Counsel will request fees not to exceed $650,000 and actual litigation costs of up to $30,000. The Claims Administrator in this action, Gilardi & Co., has agreed to perform all necessary duties for a fee estimated to be $25,000, which will be deducted from the Gross Fund Value. And a total of $25,000 of the Gross Fund Value shall be allocated to the California Labor Code § 2699 claim.

These amounts do not appear to be unduly preferential and are reasonable to support preliminary approval of the Settlement.

#### a. Plaintiff's Enhancement

Class Counsel will request that Class Representatives Pilarcita Sayaman and Alicia Maldonado each receive a class representative service award of $25,000, subject to approval by the Court. These awards will be paid in addition to their individual claims for a share to which they are otherwise entitled through the claims process. *See* Blumenthal Decl. ¶ 17; Settlement Agreement ¶ 12(b).

At the hearing, the Court would ask Plaintiff's counsel to address the basis/grounds for the $25,000 enhancement for the Class Representatives.

### b. Attorney's Fees

Under the Settlement, attorneys will ask for $650,000 in fees, which amounts to 25% of the Gross Settlement Value to compensate and reimburse Class Counsel for all of the work already performed and all fo the work remaining to be performed. Class Counsel will also be allowed to apply separately for reimbursement of their actual litigation costs of up to $30,000. *See* Blumenthal Decl. ¶ 16; Settlement Agreement ¶ 12(a).

### c. Claims Administrator

The Parties have selected Gilardi & Co. as Claims Administrator in this action. Gilardi & Co. has agreed to perform all necessary class administration duties for a fee estimated to be $25,000, which will be deducted from the Gross Fund Value. These administration duties shall include, without limitation, mailing notices, Claim Forms and Request for Exclusion Forms; mailing reminder post-cards to Class Members 20 days prior to the expiration of the claims period; calculating claims awards; processing Claim Forms and Request for Exclusion Forms; performing necessary skip traces on Notices returned as undeliverable; mailing requests to cure deficiencies in the Claim Form; and mailing all Qualified Claimants' settlement checks. *See* Blumenthal Decl. ¶ 19; Settlement Agreement ¶ 12(g).

### d. California Labor Code § 2699 Claim

A total of $25,000 of the Gross Fund Value shall be allocated to the California Labor Code § 2699 claim. *See* Blumenthal Decl. ¶ 18; Settlement Agreement ¶ 12(d). Of that amount, $18,750 shall be paid to the California Labor and Workforce Development Agency for penalties under the Private Attorney Generals Act. This amount represents 75% of the total $25,000 allocated to settlement of this claim. The remaining 25% of the Labor Code § 2699 claim shall be added to the Net Fund Value.

## C. Notice

Under Rule 23(c)(2)(B), when a class is certified under Rule 23(b)(3), the court must direct to class members the "best notice practicable" under the circumstances. The Notice of Preliminary Approval of the Settlement, attached as Exhibit A to the Settlement, complies with

Rule 23(c)(2)(B). The Notice includes information regarding the nature of the Action; a summary of the substance of the Settlement, including Defendant's denial of liability; the definition of the Class; the procedure and time period for objecting to the Settlement and participating in the Final Approval hearing; a statement that the District Court has preliminary approved the Settlement; and information regarding the claims filing procedure and the opt-out procedure. *See* Ex. A to the Settlement Agreement. Attached to the Notice will be a Claim Form and Exclusion Form, which are attached to the Settlement Agreement as Exhibits B and C.

Within 20 days after entry of the Preliminary Approval Order, the Settlement Administrator shall send a copy of the Class Notice, Claim Form and Request for Exclusion Form in the format approved by the Court in its Preliminary Approval Order to the members of the Class via first-class regular U.S. mail using the most current mailing address information available from Defendant's payroll records, which shall be updated by the Settlement Administrator to correct for any known or identifiable address changes. *See* Settlement Agreement ¶ 14.

### D. Proposed Preliminary Approval Order

Before the Court is Plaintiffs' Proposed Order which will:

- (1) Conditionally certify the settlement class;
- (2) Appoint Norman B. Blumenthal, Kyle Nordrehaug and Aparajit Bhowmik of Blumenthal, Nordrehaug & Bhowmik as Class Counsel;
- (3) (Preliminarily) approvE the settlement;
- (4) Direct that within 30 days of the entry of this Order, a Notice of Pendency of Class Action be mailed to all members of the Settlement Class in accordance with the Settlement Agreement;
- (5) Appoint Gilardi & Co. as the Claims Administrator; and
- (6) Schedule a final approval hearing [ON A DATE TO BE DETERMINED BY THE COURT].

The Proposed Order does not explicitly state that Plaintiffs Pilarcita Sayaman and Alicia Maldonado shall be appointed as Class Representatives, though they are clearly identified as the Plaintiffs. Counsel should address this at the hearing.

**IT IS SO ORDERED.**